UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| REVEREND FRANKLIN C. REAVES; PH.D; VASTENA REAVES; DONALD N. REAVES, HENRY O. REAVES; AMANDA REAVES EVANS; VALERIA C. REAVES MARTIN; HERCULES W. REAVES; FREDDY L. REAVES; KATHY J. REAVES, | ) ) ) ) ) ) ) ) | Civil Action No.: 4:07-1487-TLW-TER |
| Plaintiffs, | ) ) | |
| -vs- | ) ) ) | **REPORT AND RECOMMENDATION** |
| CITY OF MULLINS; MARION COUNTY; W. KENNETH MCDONALD, individually and in his official capacity as Mayor; TERRY B. STRICKLAND, individually and in his official capacity as member of Mullins City Council; JO A. SANDERS, individually and in her official capacity as member of Mullins City Council; JAMES W. ARMSTRONG, individually and in his official capacity as member of Mullins City Council; PATRICIA A. PHILLIPS, individually and in her official capacity as member of Mullins City Council; D. WAYNE COLLINS, Individually as in his official capacity as member of Mullins City Council; DANIEL B. SHELLEY, JR., Individually and in his official capacity as member of Mullins City Council; GEORGE HARDWICK, individually and in his official capacity as City Administrator for City of Mullins; JOHN Q. ATKINSON, individually and in his official capacity as member of Marion County Council; ELOISE W. ROGERS, individually and in her official capacity as member of Marion County Council; ALLEN FLOYD, individually and in his official capacity as member of Marion County Council; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

MILTON TROY, individually and in his )
official capacity as member of Marion )
County Council; PEARLY BRITT; )
individually and in his official capacity as )
member of Marion County Council; ELISTA )
H. SMITH, individually and in her official )
capacity as member of Marion County; )
EDWIN P. ROGERS, individually and in )
his official capacity as Marion County )
Administrator; K. DONALD FLING; )
individually and in his official capacity as )
Marion County Code Enforcement Officer; )
CITY OF MULLINS POLICE DEP'T; )
RUSSELL BASS, individually and in his )
official capacity as Chief of City of Mullins )
Police Department; VICKIE NICHOLS, )
individually and in her official capacity; )
STATE OF SOUTH CAROLINA; )
                                                                )
                        Defendants.            )
_____)

## I.    INTRODUCTION

Plaintiffs, proceeding pro se, bring this action, alleging numerous causes of action arising out of the alleged wrongful condemnation of certain property located in Mullins, South Carolina. Presently before the Court are Defendants Marion County, Edwin P. Rogers, and K. Donald Fling's Motion to Dismiss and/or Quash Service of Process (Document # 15) and Defendant State of South Carolina's Motion to Dismiss (Document # 39). Because Plaintiffs are proceeding pro se, subsequent the filing of each Motion, Plaintiffs were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motions could result in dismissal of their Complaint. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because

Defendants' Motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

## II.     MOTION TO DISMISS AND/OR QUASH SERVICE OF PROCESS

Defendants Marion County, Edwin P. Rogers, and K. Donald Fling filed their Motion to Dismiss and/or Quash Service of Process on June 18, 2007, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedures. These Defendants assert that Plaintiffs' attempted service of process is insufficient because, on May 29, 2007, Plaintiffs served them with an unfiled copy of the Complaint and an unsigned, unissued summons. The Court did not authorize issuance of the summonses until June 14, 2007.

Subsequent to the filing of this motion, on June 27, 2007, Plaintiffs filed an Amended Complaint (Document # 18)[1], to which Defendants Marion County, Edwin P. Rogers, and K. Donald Fling filed an Answer (Document # 38) on July 10, 2007. Thus, the Motion to Dismiss and/or Quash Service of Process (Document # 15) should be dismissed at moot.

## III.    MOTION TO DISMISS

Defendant State of South Carolina moves for dismissal pursuant to Eleventh Amendment Immunity. As noted above, because Plaintiffs are proceeding pro se, they were advised by Order dated July 11, 2007, and pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a

---

[1] The undersigned notes that the Amended Complaint was filed without motion or leave of court, and the Clerk of Court's office inadvertently issued the summonses. Nevertheless, each of the Defendants filed a response to the Amended Complaint.

failure to respond to Defendant's Motion could result in dismissal of their Complaint. Plaintiffs have failed to file a Response.[2]

Plaintiffs allege causes of action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Civil Rights Act of 1964, and the Civil Rights Act of 1965. They also assert causes of action for taking of Plaintiffs' property and violation of separation of powers.

It is well-established that states are entitled to Eleventh Amendment immunity from claims for monetary relief brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989) (states are entitled to Eleventh Amendment immunity from § 1983 claims in federal court); Clark v. Maryland Dep't of Public Safety and Corrective Services, 247 F.Supp.2d 773, 776 n.2 (D.Md 2003) (states are entitled to Eleventh Amendment Immunity from § 1985 claims in federal court). Thus, Plainitiffs' claims against the State of South Carolina for monetary relief pursuant to § 1983 and § 1985 should be dismissed.

Plaintiffs' claims against the State of South Carolina pursuant to the Civil Rights Act of 1964 are also barred by Eleventh Amendment immunity. Congress has abrogated states' Eleventh Amendment immunity for violations of certain, limited provisions of the Civil Rights Act of 1964. See 42 U.S.C. § 2000d-7(a)(1) (no Eleventh Amendment immunity for alleged violations of Title VI of the Civil Rights Act of 1964); Fitzpatrick v. Bitzer, 427 U.S. 445, 456-57 (1976) (no Eleventh Amendment immunity for claims under Title VII of the Civil Rights Act of 1964).

---

[2]On July 12, 2007, a filing submitted by Plaintiffs was docketed as "Response in Opposition re [39] First Motion to Dismiss," (Document # 45) indicating that the filing was in response to Defendant State of South Carolina's Motion. However, a review of the filing reveals that it is actually a response to the Motion to Dismiss and/or Quash, discussed above. There is no other filing in the docket that can be taken as a response to Defendant State of South Carolina's Motion.

Plaintiffs have not specified under which provisions of the Civil Rights Act of 1964 they assert their causes of action. It appears that they are pleading a general claim for racial discrimination. Plaintiff's Amended Complaint does not set forth facts sufficient to support any claim, nor does it specify a particular claim, under the Act for which Eleventh Amendment immunity has been abrogated, and, accordingly, dismissal is appropriate.

One exception to a state's entitlement to Eleventh Amendment immunity arises when a plaintiff seeks injunctive relief. Ex Parte Young, 209 U.S. 123 (1908). Ex Parte Young "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." Antrican v. Odom, 290 F.3d 178, 184 (4th Cir. 2002). However, Ex Parte Young only applies when "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." Republic of Paraguay v. Allen, 134 F.3d 622, 627 (4th Cir. 1998). The relief sought by Plaintiffs does not bring their claims within the ambit of Ex Parte Young because the violation for which relief is sought is not an ongoing one. Plaintiffs claims' arise out of the alleged wrongful condemnation of certain property located in Mullins, South Carolina. Such an alleged violation has been completed and is not presently ongoing. Thus, the State of South Carolina is entitled to Eleventh Amendment immunity even in light of Plaintiffs' request for injunctive relief.

In light of the above analysis, Plaintiffs' claims against Defendant State of South Carolina should be dismissed.[3]

---

[3]Plaintiff's Amended Complaint also contains a cause of action under the Civil Rights Act of 1965, as well as claims for "separation of powers" and "taking." As set forth above, Plaintiffs have not filed opposition to Defendant's Motion, which seeks dismissal of the entire claim against this Defendant. Accordingly, it does not appear that Plaintiffs oppose dismissal of the entire claim against Defendant State of South Carolina.

**IV.     CONCLUSION**

In light of the above analysis, it is recommended that Defendants Marion County, Edwin P. Rogers, and K. Donald Fling's Motion to Dismiss and/or Quash Service of Process (Document # 15) be dismissed as moot and Defendant State of South Carolina's Motion to Dismiss (Document # 39) be granted and Defendant State of South Carolina be dismissed as a party to this action.

                                               s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

January 14, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page.**