IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Reverend Franklin C. Reaves, Ph.D., et al., )
)
        Plaintiffs, )
)
vs. )    Civil Action No.:4:07-1487-TLW-TER
)
City of Mullins, et al., )
)
        Defendants. )
_____)

# ORDER

On March 9, 2010, this Court entered an Order accepting Magistrate Judge Thomas E. Rogers, III's, Report and Recommendation, which granted Defendants' motions for summary judgment. (Doc. # 152). However, the case remained open pending the resolution of the Marion Defendants' Motion for Sanctions for the failure of Plaintiffs to appear at their properly notified depositions. (Doc. # 140). On May 7, 2010, the Magistrate Judge granted the Marion County Defendants' request for attorneys fees and costs. (Doc. # 155). On June 1, 2010, Plaintiffs filed a motion for reconsideration. (Docs. # 158 and 162). In their Motion, Plaintiffs asked for reconsideration of the award of attorneys' fees as well as for "this Honorable Court to reconsider its summary judgment dismissal." A Response in Opposition was filed by Plaintiffs on June 14, 2010. (Doc. # 160). Additionally, Plaintiffs filed a Motion to Amend the Motion for Reconsideration on July 7, 2010. (Docs. # 161 and 165). The Magistrate Judge entered an Order denying Plaintiffs' motion to reconsider the award of attorneys' fees on July 9, 2010. (Doc. # 166 )**.**

Rule 60(b), "Relief from a Judgment or Order," of the Federal Rules of Civil Procedure,

1

states,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Additionally, Rule 60(c)(1) explains, "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir.2002). Whether to grant relief under Rule 60(b) is left to the discretion of the trial court, and will not be disturbed on appeal unless that discretion has been abused. Id.

First, this Court notes that to the extent that Plaintiffs' Motion filed on July 7, 2010 is a motion to amend the motion for reconsideration, it is **GRANTED**. (Doc. # 161). However, to the extent that it is an attempt to strike any previous rulings made by this Court or to amend any other filings, it is **DENIED**. Accordingly, this Court has carefully reviewed the arguments

presented by Plaintiffs in their Motion to Amend insomuch as they are relevant to a Motion for relief under Rule 60(b).

Based upon the undersigned's review of this case, the undersigned concludes that Plaintiffs have not met their burden of showing exceptional circumstances warranting relief pursuant to Federal Rule of Civil Procedure 60. Morever, Plaintiffs have failed to provide the Court with any new facts, evidence, or legal arguments which would justify granting a motion for relief from judgment. For these reasons, Plaintiff's motion for reconsideration is hereby **DENIED**. (Doc. # 162). This Court notes further that Plaintiffs' Motion for Sanctions is **DENIED**, (Doc. # 174) and Plaintiffs' motion to Compel Defendants to file complete Transcripts is **DENIED**. (Doc. # 175). It appears now that the one issue previously left open has now been ruled upon. Therefore, since there are no issues remaining the clerk is directed to close this civil action.

**IT IS SO ORDERED**.

                                                s/Terry L. Wooten
                                          United States District Judge

July 22, 2010
Florence, South Carolina