UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, PH.D, et al., <br><br> Plaintiffs, <br><br> -vs- <br><br><br> CITY OF MULLINS, et al, <br><br> Defendants. | ) <br> ) Civil Action No.: 4:07-cv-1487-TLW-TER <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

## I.     INTRODUCTION

Presently before the Court is Defendants Marion County, John Q. Atkinson, Eloise W. Rogers, Tom Shaw, Allen Floyd, Milton Troy, Pearly Britt, Elista H. Smith, Edwin P. Rogers, K. Donald Fling and State of South Carolina's (collectively, "the Marion County Defendants") Motion for Attorney's Fees (Document # 186). This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II.    PROCEDURAL HISTORY

Plaintiffs, who are proceeding pro se in this action, asserted numerous claims alleging numerous wrongs in relation to the alleged condemnation of property located in the City of Mullins, County of Marion, South Carolina. Defendant State of South Carolina was dismissed by Order (Document # 85) dated March 4, 2008, based upon Eleventh Amendment Immunity. The remaining Marion County Defendants[1] were dismissed by Order (Document # 152) granting Defendants' Motion for Summary Judgment, dated March 9, 2010.

---

[1] And all other Defendants.

The present action is virtually identical to another action filed by some of the same Plaintiffs in the present action relating to the condemnation of adjoining property. See Reaves v. City of Mullins, No. 4:07-cv-3559-TLW-TER. The claims asserted and the underlying facts in that action were identical to the claims and underlying facts in the present action. On September 19, 2008, the defendants moved for summary judgment in that action, which this Court granted on August 21, 2009. See Reaves v. City of Mullins, No. 4:07-cv-3559-TLW-TER (Order filed Aug. 21, 2009). The arguments raised by Defendants in their Motion for Summary Judgment in the present action were substantially the same as those successfully raised in the previously dismissed action. Even after dismissal of the previous action, Plaintiffs continued to attempt to prosecute the present action.

## III.    DISCUSSION

The Marion County Defendants seek attorneys' fees pursuant to 42 U.S.C. § 1988, Rule 54(d)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 54.02, D.S.C. 42 U.S.C. § 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of sections ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs... ." Prevailing defendants are entitled to an award of fees under § 1988. Lotz Realty Co., Inc. v. U.S. Dep't of Housing and Urban Devel., 717 F.2d 929, 931 (4th Cir. 1983). In order for a prevailing defendant to recover fees, it must show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 15 (1980). It is not necessary for an award of attorney's fees under § 1988 for the court to conclude that the action was brought in subjective bad faith. Cleveland v. City of Seneca, No. 09-626, 2010 WL 1692941 (D.S.C. Apr. 26, 2010)

(quoting DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir.1999)).

The court finds that an award of attorney's fees is appropriate in the present case as Plaintiffs continued to litigate this action after it became clear that it was frivolous, unreasonable or groundless. See Lotz Realty Co., Inc., 717 F.2d at 931 (fees properly awarded for continued maintenance of action after its lack of merit becomes apparent). The previously dismissed action involved two of the same Plaintiffs, Reverend Franklin C. Reaves, Ph.D. and Vastena Reaves, and virtually all the same Defendants. Both actions arise out of the condemnation of property located in the City of Mullins. In both actions, Plaintiffs allege that Defendants searched and seized their properties in violation of the Fourth Amendment and violated their due process rights guaranteed by the Fourteenth Amendment by failing to notify them of the condemnation prior to demolishing the subject properties. In addition, Plaintiffs assert in both actions claims for conspiracy under 42 U.S.C. § 1985, violation of the Civil Rights Act of 1964 and 1965, taking of intangible property, and violation of separation of powers. The undersigned recommended that summary judgment be granted on each of these claims for the same reasons in both cases, compare Report and Recommendation (Document # 136) in Reaves v. City of Mullins, No. 4:07-cv-3559-TLW-TER with Report and Recommendation (Document # 144) in the present case, and the recommendations for summary judgment were adopted by the district judge in both cases and both cases were dismissed. The undersigned finds that Plaintiffs in the present action should have known that their claims in this action were without merit by the time their other case was dismissed and their continuation of the litigation of the present case warrants an award of attorney's fees under § 1988.

Having found that an award of attorney's fees under § 1988 is appropriate, the court must determine whether the amount of the fees sought is reasonable. "The most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[T]he critical inquiry in determining the reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "If the hourly rate is properly calculated, the product of reasonable hours times the reasonable rate normally provides a reasonable attorney's fee ..." Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir.1986) (internal quotation marks and citations omitted).[2]

In his Affidavit, counsel for the Marion County Defendants submits that he spent a total of 66.8 hours and his paralegal a total of 6.2 hours on tasks directly related to the litigation of this action since their receipt of the Complaint on June 4, 2007. King Aff. ¶ 7. As an initial matter, because the court finds that attorney's fees are appropriate under § 1988 because Plaintiffs should have discontinued the present action upon learning of the lack of merit of their previous, virtually identical action, the Marion County Defendants should be awarded attorney's fees only incurred since the dismissal of the previous action on August 21, 2009. Since that date, counsel for the Marion County Defendants spent 26.4 hours on tasks directly related to this litigation and his paralegal spent 1.6

---

[2]To determine the reasonable hours and the reasonable rate, court should, as appropriate, consider (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n. 28 (4th Cir.1978).

hours. Upon review of the tasks performed as listed in the Affidavit, and in light of Barber factors one and two[3], the undersigned finds the amount of time spent on this action following dismissal of the previous action is reasonable.

Next, counsel avers that, over the course of seventeen years, he has defended hundreds of civil rights and governmental tort liability actions before this court and South Carolina state courts. King Aff. ¶ 3. He also has published and given presentations at nationwide and statewide conferences on topics such as Eleventh Amendment immunity, qualified immunity and the like. Id. Generally, his firm represents defendants in civil rights and governmental tort liability actions via assignment form the South Carolina Insurance Reserve Fund (IRF) and he was retained by the IRF to represent the Marion County Defendants in this action. Id. at ¶¶ 4, 6. The standard rate paid state-wide by the IRF to all attorneys of comparable seniority and experience as counsel in non-employment civil rights and governmental tort litigation is $140 per hour. Id. at ¶ 5. The IRF pays paralegals at the rate of $70 per hour. Id. In light of Barber factors three, four, five, and nine[4], the court finds these rates to be appropriate. Applying these rates to the hours expended by counsel and his paralegal, the amount of attorney's fees in this case comes to $3,396 for counsel and $112 for his paralegal, for a total of $3,808.

---

[3] That is, (1) the time and labor expended and (2) the novelty and difficulty of the questions raised.

[4] That is, (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; and (9) the experience, reputation and ability of the attorney. The remaining Barber factors are not particularly relevant in this action.

## IV.     CONCLUSION

Accordingly, for the reasons discussed above, it is recommended that the Marion County Defendants' Motion for Attorney's Fees (Document # 186) be granted in part and that these Defendants be awarded fees in the amount of $3,808.[5]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 8, 2011
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[5] It is noted that Plaintiffs filed a Response (Document # 195) in opposition to the present Motion. However, it was filed more than a month after the deadline, and thus will not be considered by the court.